UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                  Civil No.

vs.                                   Honorable:

One Hundred Thirty-Three Thousand
Three Hundred Seventy Dollars
($133,370.00) in U.S. Currency, and
Forty-Eight Thousand Eight Hundred
Ninety-Five Dollars ($48,895.00) in
U.S. Currency in Safe Deposit Box
No. 0000697-9 at Citizens Bank,

        Defendants *in rem*.

_____/

## **COMPLAINT FOR FORFEITURE**

Now comes Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Catherine Morris, Assistant United States Attorney, and states upon information and belief in support of this Complaint for Forfeiture as follows:

1.      This is an *in rem* civil forfeiture action brought by the United States of America pursuant to 21 U.S.C. § 881(a)(6) resulting from violations of 21 U.S.C. §§ 841 and/or 846.

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the United States' claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(a) and/or (b) as the action accrued and/or the Defendant *in rem* was found in the Eastern District of Michigan.

## DEFENDANTS *IN REM*

6. The Defendants *in rem* consist of the following:

   a. One Hundred Thirty-Three Thousand Three Hundred Seventy Dollars ($133,370.00) in U.S. Currency. Agents and/or Officers of the U.S. Drug Enforcement Administration ("DEA") and/or other local and federal law enforcement agencies seized the Defendant *in rem*, from John Russell Kirkpatrick a/k/a John R. Kirkpatrick, a/k/a John

Kirkpatrick (*now deceased*), ("Kirkpatrick"), on or about March 25, 2021; and

b.   Forty-Eight Thousand Eight Hundred Ninety-Five Dollars ($48,895.00) in U.S. Currency from Safe Deposit Box No. 0000697-9 at Citizens Bank.  Agents and/or Officers of the U.S. Drug Enforcement Administration ("DEA") and/or other local and federal law enforcement agencies seized the Defendant *in rem*, from Dr. Kirkpatrick on or about March 26, 2021.

7.   The Defendants *in rem* are currently in the custody of the United States Marshals Service.

## COMPANION CRIMINAL CASE

8.   There is a companion criminal case: *United States vs. D-1 John Kirkpatrick, M.D., et al.,* Case No. 21-cr-20760, Honorable Nancy G. Edmunds.

## STATUTORY BASIS FOR CIVIL FORFEITURE

9.   Drug Trafficking is a federal crime under 21 U.S.C. § 841(a), which provides, in part: "It shall be unlawful for any person knowingly or intentionally— (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

10. "Controlled substance" refers to all drugs or other substances, or their immediate precursors, included in the controlled substance schedules I through V set forth at 21 U.S.C. § 812. *See* 21 U.S.C. § 802(6).

11. In addition to drug trafficking, attempting or conspiring to traffic constitutes a separate federal offense, pursuant to 21 U.S.C. § 846, which states that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

12. Title 21 U.S.C. § 881, governs the civil forfeiture of property which constitutes or is derived from the proceeds of drug trafficking crimes, or which was used to facilitate drug trafficking crimes:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them . . . [a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

## FACTUAL BASIS SUPPORTING FORFEITURE

13. The Defendants *in rem* constitute the proceeds of illegal activity and/or are traceable to the proceeds of illegal activity, specifically: controlled-

substance offenses in violation of 21 U.S.C. § 841. The facts and evidence in support of forfeiture include, but are not limited to, the following:

      a.      Beginning around May 2018 and continuing through on or about March 2021, Dr. Kirkpatrick engaged in a scheme involving the unlawful distribution of prescription drug-controlled substances. To promote the scheme Dr. Kirkpatrick prescribed unlawful prescription(s) for opioid pills that in turn were filled at various pharmacies in exchange for cash payments. The prescription opioid pills were sold on the streets in the Metropolitan Detroit area for a substantial profit.

      b.      Dr. Kirkpatrick was a physician licensed to practice medicine in the State of Michigan. Dr. Kirkpatrick was the registered agent/owner of Southfield Medical Services, PLLC ("SMS"), a Michigan limited liability corporation doing business in Southfield, Michigan.

      c.      During SMS operations, Dr. Kirkpatrick and other co-conspirators associated with SMS issued unlawful opioid prescriptions in exchange for cash payments to "patients" or patient recruiters/marketers. Investigation revealed that the opioid prescriptions were not issued for the legitimate treatment of patients. As part of the conspiracy, co-conspirators recruited "patients" to be seen by Dr. Kirkpatrick. Dr. Kirkpatrick required all recruited patients to pay cash for their office visit and he (Kirkpatrick) charged the recruited patient different

amounts of money depending on the quantity, type and dosage of the prescribed opioid pill that the recruited patient/marketer requested and received.  Dr. Kirkpatrick performed no exams or medical evaluations to any of the recruited patients before authorizing multiple opioid prescriptions. Prescriptions were authorized by Kirkpatrick for no legitimate medical purpose and were distributed outside the course of Dr. Kirkpatrick's usual medical practice.  Dr. Kirkpatrick received significant cash payments for prescribing unlawfully distributed controlled substances, in violation of 21 U.S.C. § 841(a)(1). Unlawfully distributed controlled substances included, the Schedule II drug OxyContin (oxycodone), Oxycodone-Acetaminophen and Oxymorphone.

      d.     Dr. Kirkpatrick required that each recruited patient have certain records in their patient medical file before he would initiate a controlled substance prescription for that patient. For example, as part of the conspiracy, employees of SMS created fraudulent medical records, which included MRI reports and Michigan Automated Prescription System (MAPS) reports to give the appearance of legitimacy for the illegal prescriptions. MAPS is a Michigan database that tracks controlled substances, Schedule II – V prescription drugs.

      e.     During this conspiracy, Dr. Kirkpatrick prescribed more than 574,604 dosage units of Schedule II controlled substances.

  f. The defendants *in rem* were seized on March 25 and March 26, 2021, pursuant to federally authorized warrants, as property involved in, the criminal conduct described in this Complaint.  The defendants *in rem* represent monies furnished for, or proceeds traceable to, the illegal distribution of controlled substances.

## CRIMINAL PROCEEDINGS AGAINST DR. KIRKPATRICK

14. On or about December 16, 2021, Dr. Kirkpatrick was charged with Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances and charged with Unlawful Distribution of Controlled Substances in the United States District Court for the Eastern District of Michigan (Criminal Docket No. 21-CR-20760) in violation of 21 U.S.C. §§ 841 and/or 846 and 18 U.S.C. § 2.

15. The Indictment and Forfeiture Bill of Particulars filed by the Government, provided notice that the United States would seek forfeiture of all proceeds traceable to, or derived from Dr. Kirkpatrick's charged criminal conduct.

## CLAIM

16. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 15.

17. The Defendants *in rem* are forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(6) as moneys furnished, or intended to be

furnished, in exchange for a controlled substance, and/or as proceeds traceable to such an exchange, and/or as moneys used or intended to be used to facilitate a violation of Title 21 of the United States Code.

## CONCLUSION AND RELIEF

WHEREFORE, Plaintiff respectfully requests that a warrant for arrest of the Defendants *in rem* be issued; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendants *in rem* to be condemned and forfeited to the United States for disposition according to law; and that the United States be granted such other further relief as this Court may deem just and proper together with costs and disbursements of this action.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/Catherine Morris
CATHERINE MORRIS
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226 (313) 226-9562
Catherine.morris@usdoj.gov

Dated: April 24, 2023                P-84371

## **VERIFICATION**

I, Christine Hicks, state that I am a Task Force Officer of the U.S. Drug Enforcement Administration ("DEA").  I have read the foregoing Complaint for Forfeiture, and declare under penalty of perjury that the facts contained therein are true and correct to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

*Christine Hicks*
_____
Christine Hicks
DEA Task Force Officer

Dated: April 18, 2023